UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES L. ROUTE and<br>BRENDA L. ROUTE,<br>    Plaintiffs<br><br>    vs.<br><br>EAST RESOURCES MANAGEMENT,<br>LLC,<br>    Defendant | :<br>:<br>:<br>:  CIVIL NO. 1:12-CV-00776<br>:<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion for summary judgment filed by Defendant SWEPI, LP[1] on August 1, 2014. (Doc. 14). This matter relates to a dispute concerning the expiration date of an oil and gas lease. Plaintiffs filed a complaint in the Pennsylvania Court of Common Pleas of Tioga County seeking a declaratory judgment, equitable relief, damages, and attorneys' fees. (Doc. 1-2). Defendant removed the suit to this court based on diversity jurisdiction. For the reasons discussed below, we will grant Defendant SWEPI's motion for summary judgment.

*II.   Background*

Plaintiffs own approximately 76.3 acres located in Liberty Township, Tioga County. (Doc. 15 at 1; Doc. 18 at 1). On February 20, 2003, Plaintiffs entered into an option contract with Defendant SWEPI. (Doc. 15 at 2; Doc. 18 at 1). The option contract

---

1. By merger, SWEPI, LP is the successor-in-interest to Defendant East Resources Management, LLC. Accordingly, SWEPI, LP is now the defendant and any reference to actions taken by SWEPI includes actions taken by its predecessors.

granted SWEPI the "exclusive option to lease the oil and gas . . . in and under [Plaintiffs' property] in accordance with the covenants and agreements contained in [an] Oil and Gas Lease made and entered into by the" parties.  (Doc. 19-1 at 2).  When Plaintiffs signed the option contract on February 20, 2003, they also signed a lease that was attached to the option contract.  (Doc. 15 at 5; Doc. 18 at 2).   Pursuant to the option contract, the lease would become effective on the date Defendant SWEPI exercised its option.  (Doc. 19-1 at 2).

SWEPI claims it exercised its option on February 19, 2004, one day before the option was to expire, by mailing payments to Plaintiffs.  (Doc. 15 at 3).  The lease agreement had an initial term of five years.  (Doc. 15 at 3; Doc. 18 at 2).  It also provided SWEPI the option to extend the lease for an additional five years if the option to extend was exercised within thirty days following the expiration of the initial term.  (Doc. 15 at 3; Doc. 18 at 3).  On August 29, 2008, SWEPI sent Plaintiffs notice that it was exercising its option to extend the lease an additional five years.  (Doc. 15 at 4; Doc. 18 at 3).  SWEPI subsequently recorded this extension.  (Id.).

Plaintiffs assert that SWEPI did not exercise the option to extend the lease and the lease expired.   (Doc. 1-2 at 6).  In their complaint, Plaintiffs ask us to declare the lease terminated. (Doc. 1-2 at 7-8).  Plaintiffs further seek damages and attorneys' fees, claiming that the recorded lease extension prevented them from entering into more lucrative lease agreements.  (Doc. 1-2 at 8).  Conversely, SWEPI claims that the lease did not expire until February 19, 2009 and the notice of extension on August 29, 2008

2

was timely, extending the lease until February 19, 2014. (Doc. 15 at 4). Defendant SWEPI moves for summary judgment. (Doc. 1-2 at 8-9).

*III.        Discussion*

　　*A. Standard of Review*

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

　　*B. Justiciability of Count I and Count II of Plaintiffs' Complaint*

Count I and Count II of Plaintiffs' complaint asks us to declare the lease agreement terminated. We raise *sua sponte* the issue of mootness and find that these claims must be dismissed for want of jurisdiction.

Pursuant to Article III of the Constitution, federal courts only have jurisdiction over "cases" or "controversies." U.S. CONST. art. III. When a case or controversy exists at the time litigation is commenced, but that controversy ceases during the pendency of the litigation, a federal court must dismiss the action for lack of jurisdiction. See, e.g., Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987). A case or controversy is no longer "live" if the passage of time has caused the dispute to lose its adversarial character and the conditions are not likely to recur. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).

Here, Plaintiffs' claims seeking declaratory judgment are moot. In their complaint, Plaintiffs assert that the lease expired on February 20, 2008. In response, Defendant SWEPI argues that the lease ended on February 19, 2014. Regardless of which is correct, the lease is already terminated. Thus, the passage of time has caused Plaintiffs' claims seeking declaratory judgment to lose its adversarial character, and no live case or controversy exits with respect to those claims. Accordingly, we will dismiss Count I and Count II of Plaintiffs' complaint for lack of jurisdiction.

*C. Plaintiffs' Claims for Damages and Attorneys' Fees*

In their complaint, Plaintiffs allege they received an offer to enter into an oil and gas lease for 68.9 acres of their land at a rate of $4,000 per acre. (Doc. 1-2 at 8). Plaintiffs claim that by recording the extended lease Defendant SWEPI wrongly prevented them from entering into this lease, causing $275,600 in damages. To support this claim, plaintiffs make three arguments. In their brief in opposition, Plaintiffs argue

that the initial option was never exercised by Defendant SWEPI and the lease never became effective.  In all other filings, Plaintiffs argue that the option was exercised on February 20, 2003 and expired five years later on February 20, 2008.  Alternatively, Plaintiffs argue that the recorded lease was altered and thus no lease existed because there was no meeting of the minds.

*1. Argument that the Option Was Never Exercised*

We find that Plaintiffs are precluded from making this argument under the doctrine of estoppel.

> It precludes one from doing an act differently than the manner in which another was induced by word or deed to expect.  It 'arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such fact.'

Zitelli v. Dermatology Educ. & Research Found., 633 A.2d 134, 139 (Pa. 1993) (internal citations omitted).  See also *In re* Shoemaker, 121 A. 510, 512 (Pa. 1923).

Here, prior to filing their brief in opposition, Plaintiffs never asserted that the initial option was not exercised and the lease never became effective.  To the contrary, their actions indicate that they recognized the option was properly exercised and the lease was a binding agreement.  For example, they negotiated rental payments pursuant to the lease agreement (Doc. 15 at 3; Doc. 18 at 3), they received rent checks during the term of the lease (Id.), and in the vast majority of documents filed in this case, including their complaint, they argue that the option was exercised and the lease became effective

5

on February 20, 2003.  (Doc. 1-2; Doc. 18; Doc. 19).  Thus, by their words and conduct, Plaintiffs have induced Defendant SWEPI to believe the option was properly exercised and the lease agreement was effective.  To allow Plaintiffs to assert this argument now would prejudice Defendant SWEPI.  The lack of notice has deprived Defendant SWEPI of the opportunity to conduct discovery on this issue and prepare its filings accordingly.  Therefore, Plaintiffs are estopped from rasing this argument.

### 2. Expiration of the Lease Agreement

Next, Plaintiffs argue that the option was exercised and the lease became effective on February 20, 2003 when Defendant SWEPI tendered the option and lease for their signature.  Therefore, the five year term expired on February 20, 2008, and SWEPI's attempt to extend the lease on August 29, 2008 was untimely.  We disagree.

We start by looking to the plain language of the option contract, and we find that it precludes Plaintiffs' argument.  Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004) (noting unambiguous contracts are interpreted by the court as a matter of law).  The option contract states the lease "would be made and entered into by the aforesaid parties and executed by [Plaintiffs] on the date hereof ("Lease"), which Lease shall become effective on the date that the Option is exercised pursuant to the provisions incorporated herein.  (Doc. 16 at 3, ¶ 1) (emphasis added). Thus, the plain language of the option contract contemplates that Plaintiffs would sign the lease on the same date they signed the option contract, but the lease would not become effective until SWEPI exercised its

option.[2]  To exercise the option, the contract required that SWEPI give written notice and payment.  (Doc. 16 at 3, ¶ 4) ("may be exercised by . . . notifying Grantor in writing . . . and . . . shall pay or tender unto Grantor the amount of five dollars per acre . . . ."). Thus, the plain language of the option contract dictates that Plaintiffs' signatures alone did not cause the lease to be effective.  Further, Plaintiffs point to no other evidence that notice and payment was given by SWEPI on February 20, 2003 and the lease became effective on that date.[3]   Accordingly, we find there is no genuine issue of material fact, and Plaintiffs have failed to produce sufficient evidence from which a reasonable trier of fact could find that the lease was effective on February 20, 2003 and expired on February 20, 2008.

### *3. Alteration of the Lease*

Finally, Plaintiffs claim that the recorded lease was altered.  They claim the date indicating when Plaintiffs signed it was changed from February 20, 2003 to November 21, 2005.  Therefore, they argue that there was no offer and acceptance to the

---

2. Basic principles of contract law support this interpretation.  An option contract is a binding promise to keep open an offer for a specified period of time.  Here, Plaintiffs, as the property owners, are the offerors.  Their option contract states, "Grantors [Plaintiffs] . . . do[] hereby grant exclusively to [SWEPI] . . . the exclusive option to lease the oil and gas . . . in accordance with covenants and agreements contained in that Oil and Gas Lease." (Doc. 16 at 3, ¶ 1).  Thus, Plaintiffs promised to keep open an offer to lease their property to SWEPI, pursuant to the terms of the attached lease.  By signing the lease, Plaintiffs did not accept the offer.  They cannot accept their own offer.  Their signature created an offer capable of being accepted.  Plaintiffs implicitly recognize this in their brief by stating, "[t]hey went one step further and actually executed the Oil and Gas Lease <u>which would become binding upon them in the event the Option was exercised in accordance with its terms and conditions</u>." (Doc. 20 at 11) (emphasis added).

3. To the contrary, in their brief in opposition, Plaintiffs argue that notice and payment were never properly given.

terms of the recorded lease and no lease was formed.  We find it immaterial whether Plaintiffs agreed to the terms of the altered lease.  Plaintiffs admit they agreed to the terms of the option contract and lease as those terms existed on February 20. 2003, and viewing the facts in the light most favorable to Plaintiffs, we have only considered those terms in ruling on this motion. (Doc. 15 at 2; Doc. 18 at 2; Doc.19 at 2; Doc.19-1 at 3-4). Whether that unaltered lease was recorded is not relevant to its validity; recordation is only relevant as to subsequent bona fide purchasers.  See, e.g., Trautman v. Neidig, 28 Northumb. L.J. 12 (1956) (recording of deed by the grantee is not essential to its validity or the transition of title as between the parties).  Thus, we find that no reasonable trier of fact could find that the lease was never formed.[4]

Accordingly, Defendant SWEPI's is entitled to summary judgment with respect to Plaintiffs' claims for damages and attorneys' fees.[5]

*IV.        Conclusion*

For the reasons addressed above, we will grant Defendant SWEPI's motion for summary judgment.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

4. For the same reason we are unpersuaded by Plaintiffs public policy argument.  We are not enforcing the altered recorded lease, we are enforcing the unaltered lease to which Plaintiffs admit they agreed.

5. Although SWEPI does not make the argument, we note that Plaintiffs have failed to produce any record evidence of actual damages.  Plaintiffs cannot rely on allegations in their complaint to survive a motion for summary judgment.  National Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968).